dom. This opinion the Court, [*Scott*, Ch. J.] refused to give; but directed the jury, that upon these facts the petitioner was free. The defendant excepted; and the verdict and judgment being against him, he appealed to this court, where the case was argued before CHASE, Ch. J. and BUCHANAN, NICHOLSON, EARLE, JOHNSON, and MARTIN, J.

*Glenn*, for the Appellant, contended that the act of 1783, *ch.* 23, under which the petitioner claimed his freedom, meant only a *voluntary importation* of slaves, and not an importation arising from absolute necessity, produced by causes over which the owner, as in this case, had and could have no control. He referred to *De Kerlegand vs. Negro Hector*, 3 *Harr. & M'Hen.* 185, and the act of 1792, *ch.* 56.

*Montgomery*, (Attorney-General,) *Jenings* and *Scott*, for the Appellee.

JUDGMENT AFFIRMED.

*1815.*
Wales
vs
Walling

---

## WALES VS. WALLING.

*May.*

APPEAL from *Frederick* County Court. This was an action of debt for $75. The declaration stated, that the defendant, (now appellee,) on the 29th of August 1808, at, &c. by his certain writing obligatory, acknowledged himself to be held and firmly bound unto the plaintiff, (now appellant,) in the aforesaid sum of seventy-five dollars, to be paid to him the plaintiff when he should be thereunto required, &c. The oyer given of the writing obligatory on the defendant's prayer, is as follows: "For value received, I do promise to deliver unto Mr. *Roger Wales*, on or before the first day of April 1809, one horse, to be valued by two judicious men at seventy-five dollars current money of the *United States*; and in case of a disagreement in the persons so appointed to appraise said horse, I do hereby hold myself firmly bound and indebted to the said *Roger Wales*, or assigns, in the sum of seventy-five dollars current money." It was signed and sealed on the 29th of August 1808, by the defendant. The defendant demurred specially to the declaration, and assigned the following causes of demurrer.

1. Because the writing obligatory, whereof the plaintiff hath given oyer, varies from the writing obligatory set forth in the declaration.

J W, by his note under seal, promised to deliver to R W, on or before, &c a horse, to be valued by two judicious men at $75, and in case of a disagreement in the persons so appointed to appraise said horse, he held himself bound and indebted to, R W in the sum of $75, On this note R W brought an action of debt for $75, against J W, and declared on the note as if it had been given expressly for that sum of money. J W, after having had oyer of the note, demurred specially to the declaration, assigning for causes a variance between the note and that set forth in the declaration; that there was no averment that J W did not deliver the horse to be valued, nor a disagreement of the persons to have been appointed to appraise the horse, nor a demand of or refusal by J W to deliver such horse. Demurrer ruled good.

2. Because the plaintiff hath not set forth in his declaration that the defendant did, on or before the 1st day of April 1809, refuse to deliver to the plaintiff a horse, to be valued according to the terms of the said writing obligatory.

3. Because the plaintiff in his said declaration hath not averred a disagreement of the persons to have been appointed to appraise such horse, nor has he averred any demand of or refusal by the defendant to deliver such horse as mentioned in said agreement, so as to entitle him the plaintiff to sue for the sum of $75, mentioned in the writing obligatory.

4. Because the said declaration is uncertain, and wants form. The plaintiff joined in demurrer. Judgment upon the demurrer was given by the county court for the defendant. From that judgment the plaintiff appealed to this court.

The cause was argued before CHASE, Ch. J. and BUCHANAN, NICHOLSON, EARLE, JOHNSON, and MARTIN, J.

*Ross*, for the Appellant. Whenever it is *essential to the cause of action*, that the plaintiff should have requested the defendant to perform his contract, such request must be stated in the declaration, and proved. 1 *Chitty's Pleadings*, 322. The converse of the above positions is equally true. The instrument of writing, upon which this suit was brought, creates a debt immediately, to be paid at a subsequent day, to wit, the 1st of April 1809. The plaintiff's *cause of action* commenced with the writing obligatory, to wit, the 29th of August 1808, but its legal demand was suspended until the 1st of April 1809, therefore it was not essential to the plaintiff's cause of action to set forth that the defendant did, on or before the 1st of April 1809, refuse to deliver to the plaintiff a horse, &c. for before that period arrived there was a debt due, or a cause of action in the plaintiff, liable to be defeated by the defendant's delivery of a horse, according to the terms of the writing obligatory; but the plaintiff's *cause of action* did not arise from the nonperformance of the contract by the defendant, for the plaintiff had a vested interest from the date of the writing obligatory. The delivery of the horse, &c. was a proviso or condition, inserted in the writing obligatory, for the benefit of the defendant, with all the requisites of which

1815.

Wales
vs
Walling

he was bound at his peril to comply. *Lamb's* Case, 5 *Coke*, 23. *More & Baker vs. Morecomb, Cro. Eliz.* 864. *Studholme vs. Mandell,* 1 *Ld. Raym.* 279. The proviso or condition, when performed, or an offer and readiness to perform, would have operated as a defeasance to the plaintiff's action, and as matter of defence, should have been shown by the defendant, and need not be stated in the plaintiff's declaration. 1 *Chitty's Pleadings,* 228, 229. In debt, on a bond with condition, the plaintiff may declare generally, and it is on the defendant's part to show the condition, which goes by way of defeasance, &c. 3 *Bac. Ab.* 714. If an interest passeth presently and vests, and is to be defeated by matter *ex post facto,* or condition subsequent, be the condition or act to be performed by the plaintiff or defendant, the plaintiff may declare generally without showing the performance, and it shall be pleaded by him who shall take advantage of the condition, &c. *Ughbred's* case, 7 *Coke,* 10. In the case now before the court, there was an interest vested in the plaintiff, upon the execution of the writing obligatory, to be defeated by an *ex post facto* act to be performed by the defendant, to wit, the delivery of a horse, &c. on the 1st of April 1809, and if delivered according to the terms of the writing obligatory, should have been pleaded by the defendant, for whose advantage the condition was made. It was not necessary for the plaintiff to aver "a disagreement of the persons to have been appointed to appraise said horse;" the appointment of the men was a duty incumbent on the defendant, as in *Lamb's* case, &c. and it would be a strange thing to require of the plaintiff to aver a disagreement of the men to appraise such horse, when no men were appointed, and no horse offered for the exercise of their judgment; for an averment of a disagreement of the persons, &c. would *ex vi termini* suppose that men were appointed, and a horse produced for their appraisement. A demand and refusal were equally unnecessary, the horse was not to be delivered until the 1st of April 1809, before that time no such demand could, consistent with the writing obligatory, be made, and after that period the plaintiff was not bound to accept of such horse, if offered by the defendant. In what the variance consists, as alleged in the first cause of demurrer, it would be difficult to conceive, had not the defendant's counsel said, in an action on the case on a special

agreement, the plaintiff ought to state the agreement as it really was, though in the alternative. This position, (though determined otherwise by Lord *Mansfield* in *Layton vs. Pearce*, 1 *Doug.* 16,) may be admitted, yet there is no variance in this case, for this is an action of debt on a writing obligatory; and when a suit is brought on a deed, only so much need be averred as shows the plaintiff's cause of action. *Bristow vs. Wright*, 2 *Doug.* 667. A request laid in the declaration to pay the debt before it is due, is not material. *Frampton vs. Coulson*, 1 *Wils.* 33.

*Brooke*, for the Appellee.

JUDGMENT AFFIRMED.

---

MAY.

*West vs. Beanes & Oden.*

The court of Chancery will grant relief against a judgment rendered by confession, in an action at law, upon a promisso y note given for a usurious consideration, on payment of the real sum due, with legal interest

APPEAL from a decree of the Court of Chancery. The bill of the complainant, (now appellant,) stated, that on the 2d of February 1802, he borrowed of the defendant, *Beanes*, $2500, at an interest at the rate of $133 33⅓ for every 60 days, for which $2500 he gave his promissory note to *Beanes*, payable in six months; and also another promissory note for the payment of the interest, viz. $400, payable as follow: $133⅓ at the end of 60 days, $133⅓ at the end of 120 days, and the balance at the end of 180 days. That the complainant continued to hold the said sum of $2500, at the rate of interest above stated, until the 15th of March 1805, before which time he had paid to *Beanes* about $800 as interest, at the rate aforesaid, on the $2500, when the complainant and *Beanes* came to a settlement on account of the money so loaned, and the interest; at which settlement *Beanes* alleged that the complainant was indebted to him $4100; and the complainant did then pass his notes to discharge the said balance, viz. one note for $2050, payable in one year from the date to *E. H. Calvert*, or order, and the other for $2050, payable in two years from the date, to *B. Oden*, or order, both of which were paid and delivered to *Beanes*, in satisfaction of the said balance; and that the consideration of the said two notes was the $2500 so loaned, and the remainder of the sum therein mentioned, to wit, $1600, was for the interest on the $2500, at the rate aforesaid, remaining unpaid at the time of giving the said two notes. That *Beanes*,